

**U.S. DEPARTMENT OF JUSTICE**

*United States Attorney*
*Eastern District of California*

*Benjamin B. Wagner*
*United States Attorney*

_____

2500 Tulare St., Suite 4401  Phone  559/497-4000
 Fresno, CA 93721           Fax    559/497-4099
                            TTD    559/497-4500

June 3, 2015

Before SILVERMAN, GOULD, and HURWITZ, Circuit Judges
To Be Argued June 8, 2015

Molly C. Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA  94119-3939

      Re:   *United States* v. *Sergio Patrick Rodriguez*
            C.A. No. 14-10122

Dear Madam:

    The United States submits this letter brief in response to the Court's May 29, 2015, order directing the parties to discuss the effect, if any, of *United States v. Gardenhire*, __ F.3d __, 2015 WL 1934493 (9th Cir. Apr. 30, 2015), on this case.

    Because *Gardenhire* is legally and factually distinguishable from this case, it has no impact on this Court's consideration of Rodriguez's conviction or sentence.  The jury found Rodriguez guilty of willfully interfering with the operation of a helicopter with reckless disregard for the safety of human life (18 U.S.C. § 32(a)(5)), a much more serious offense than Section 39A, aiming a laser pointer at an aircraft or flight path, the

1

offense to which the defendant in *Gardenhire* pleaded guilty. The more serious charge and lengthier sentence in this case were warranted by facts that demonstrated Rodriguez's deliberate and repeated strikes on the helicopter's cockpit. Unlike in *Gardenhire*, Rodriguez understood the risks of targeting a laser beam on the cockpit of a flying helicopter, struck the cockpit for sustained periods of time, and did so repeatedly for no other purpose than causing a reaction by the pilot.

## ANALYSIS

1. **Rodriguez Was Convicted of Willfully Interfering with the Operation of a Helicopter with Reckless Disregard for Human Life, not Aiming a Laser Pointer at an Aircraft.**

Rodriguez challenges his conviction under Section 32(a)(5), willful interference with the operation of an aircraft with reckless disregard of the safety of human life.[1] In contrast, *Gardenhire* involved a guilty plea to Section 39A, aiming a laser beam at an aircraft or its flight path. Slip op. at 4. Thus, the panel in *Gardenhire* considered a statute that did not require the element of reckless disregard for human life when it assessed whether the government had shown by clear and convincing evidence that the defendant recklessly endangered an aircraft. 18 U.S.C. § 39A. Moreover, the panel in *Gardenhire* reviewed the factual findings for clear error. Slip op. at 6. In this case, the Court must weigh the evidence in the light most favorable to the prosecution.

2. **Unlike in *Gardenhire*, the Government Presented Proof Beyond a Reasonable**

---

[1] Rodriguez does not challenge his Section 39A conviction on appeal.

**Doubt that Rodriguez Intended to Recklessly Endanger the Helicopter.**

Rodriguez aimed for Air 1's cockpit. The trial evidence established that the beam was only three feet in diameter when it hit Air 1, so only a direct hit on the cockpit itself would produce the intense light the pilots saw. SER 43, 66, 91-92, 126. With Air 1 flying at 60 miles per hour, 500 feet above the ground, and a quarter mile away, Rodriguez needed strong concentration and a "steady hand" to keep the beam on the cockpit for several seconds at a time. SER 45-47, 63, 126, 188. Indeed, Rodriguez admitted that he saw the beam reflect off the helicopter. SER 76. Thus, Rodriguez's strikes on the cockpit were no accident. These facts contrast starkly with those in *Gardenhire* where it was disputed that the defendant even knew the laser beam struck the aircraft. *See* slip op. at 8.

The evidence at trial also established that Rodriguez's laser contained a prominent label warning users to avoid direct eye exposure, noting that the laser was "extremely uncomfortable to look at." SER 15-16, 73, 117, 128. Unlike the district court in *Gardenhire*, the jury did not have to presume that Rodriguez knew lasers were dangerous to pilots in flight. The testimony of the pilots, expert testimony, and Rodriguez's own statements provided ample evidence for the jury to conclude, beyond a reasonable doubt, that Rodriguez knew the dangers associated with the laser and acted in reckless disregard of human life. Reviewing the evidence in the light most favorable to the prosecution, evidence proving reckless disregard beyond a reasonable doubt is

sufficient to sustain the district court's finding of reckless endangerment here. Neither Rodriguez, nor the evidence of his conduct, bears any resemblance to the bored teenager playing with a laser in *Gardenhire* who admitted nothing more than to aiming a laser at an aircraft or flight path.

Other aggravating facts indicated that Rodriguez knew his targeting of the helicopter recklessly endangered human life. First, he ran from police. SER 70. Given all of the facts, the court was entitled to conclude that this went beyond consciousness of guilt and demonstrated Rodriguez's knowledge of the dangerousness of his conduct. Second, he instructed his co-defendant to lie and say she was effectively doing what the defendant in *Gardenhire* did: idly shining a laser into the sky. SER 74. This demonstrated that Rodriguez knew his conduct was more egregious and dangerous that shining a laser into the sky.

### 3. *Gardenhire* Is Inapplicable to this Case.

*Gardenhire* seems to stand for the proposition that recklessness cannot be based solely on the findings that a defendant "deliberately aimed at the aircraft, and purportedly knew the beam could reach the aircraft." Slip op. at 9. In this case, the evidence proved much more. Rodriguez deliberately sought to interfere with the operation of the helicopter – a fact established beyond a reasonable doubt.

In *Gardenhire*, the panel surmised that someone who attempts to hit an aircraft with a laser may not know what effect it will have on its pilots. Slip op. at 13. In this

4

case, the evidence established beyond a reasonable doubt that Rodriguez deliberately targeted the aircrew knowing that his laser was reaching Air 1 and did so in reckless disregard of human life. The government's trial evidence established what the guilty plea in *Gardenhire* did not: that Rodriguez intended to interfere with the pilot and endanger the aircraft.

*Gardenhire* also concluded that a defendant cannot be presumed to know that lasers are dangerous to pilots in flight simply because a laser pointed directly into the eye of someone at close range can be harmful. Slip op. at 9. In this case, however, the government proved beyond a reasonable doubt that Rodriguez acted in reckless disregard for human life. This jury found that Rodriguez knew the laser was dangerous to the helicopter pilot. The district court did not procedurally err when it concluded that Rodriguez recklessly endangered the helicopter.[2]

                                        Respectfully submitted,

                                        BENJAMIN B. WAGNER
United States Attorney
KAREN A. ESCOBAR
Assistant U.S. Attorney

/s/ Michael G. Tierney
MICHAEL G. TIERNEY
Assistant United States Attorney

---

[2] *Gardenhire* did not consider the reasonableness of the sentence. Slip op. at 15 n.4. *Gardenhire* therefore sheds no light on whether Rodriguez's sentence was substantively reasonable.

**CERTIFICATE OF SERVICE**

When All Case Participants are Registered for the
Appellate CM/ECF System

I hereby certify that on June 3, 2015, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ Karen A. Escobar
KAREN A. ESCOBAR
ASSISTANT U.S. ATTORNEY